**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | |
|---|---|
| PAUL A. MCDONALD, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 1:08-CV-0185-C |
| § | ECF |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | Assigned to United States |
| Defendant. § | Magistrate Judge |

**MEMORANDUM ORDER AND OPINION**

**THIS CASE** is before the court upon Plaintiff's complaint filed December 16, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on April 3, 2009, and Defendant filed a brief on May 4, 2009. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on December 18, 2008 (Doc. 5), and April 6, 2009 (Doc. 17). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

**I.   STATEMENT OF THE CASE**

Plaintiff filed applications for disability insurance benefits and for SSI benefits on May 26, 2005, alleging disability beginning May 2, 2002. Tr. 16-17, 68-70. Plaintiff's applications were denied initially and upon reconsideration. Tr. 16, 30-34, 38-43. Plaintiff filed a Request for Hearing

by Administrative Law Judge on March 3, 2006, and this case came for hearing before the Administrative Law Judge ("ALJ") on July 24, 2007. Tr. 16, 46-47, 584-611. Plaintiff, represented by an attorney, testified in his own behalf. Tr. 587-608. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 608-10. The ALJ issued a decision unfavorable to Plaintiff on October 18, 2007. Tr. 13-24.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements on May 2, 2002, through the date of his decision and that Plaintiff had not engaged in substantial gainful activity at any time since May 2, 2002. Tr. 10. Plaintiff has "severe" impairments, including chronic pulmonary insufficiency, anxiety-related disorder, personality disorder, history of alcohol and drug abuse, seizure disorder (stable with medication), Hepatitis C, gastroesophageal reflux disorder, history of hiatal hernia, status-post right knee surgery, status-post left rotator cuff repair, history of cerebrovascular accident, history of heel fracture, and history of myocardial infarction secondary to coronary artery disease. Tr. 18. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 22.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible. *Id.*

The ALJ found that Plaintiff could not return to his past relevant work as a sheet metal mechanic. Tr. 23. He noted that Plaintiff was considered a person "closely approaching advanced age" with a limited formal education and a skilled work history. 20 C.F.R. §§ 416.963, 416.964; Tr. 23.

The ALJ found that Plaintiff retained the RFC to perform, on a continuing and sustained basis, the exertional and nonexertional requirements of light work activity, limited to jobs that do not require more than occasional stooping, balancing, crouching, climbing stairs or ramps; that do not require climbing scaffolds, ladders, or ropes; that do not require working at unguarded heights or near unguarded hazardous mechanical equipment; that do not require sitting without the opportunity to occasionally stand in addition to lunch and the normal legal breaks during the workday; that do not require standing/walking for more than 4 hours out of an 8-hour workday; and that do not require exposure to excessive dust, fumes, or gases more than incidentally on a rare basis or exposure to extreme temperatures and high humidity. Tr. 18. Having found that Plaintiff could not perform the full range of light work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments. Tr. 23-24. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of bench assembler, with 113,000 jobs nationally; and small products assembler, with 103,000 jobs nationally. Tr. 24. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id*.

Plaintiff submitted a Request for Review of Hearing Decision/Order on December 11, 2007. Tr. 10-12. The Appeals Council, after granting a 25-day extension, denied Plaintiff's request and issued its opinion on November 18, 2008, indicating that although it had considered the contentions

raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 4-9. The ALJ's decision, therefore, became the final decision of the Commissioner.

On December 16, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 23-24.

### III.   DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because the ALJ failed to consider all of the medical evidence and failed to incorporate all of Plaintiff's disabilities in his hypothetical question to the VE. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.     Whether the ALJ's erred by failing to consider all of the medical evidence.**

Plaintiff alleges that the ALJ erred by failing to consider all of the medical evidence of record, misconstruing some of the medical evidence, and only picking and choosing the medical evidence that support his conclusion of non-disability. Plaintiff specifically alleges that the ALJ failed to consider all of the evidence regarding his back impairment and pain, cardiac problems, and mental impairment and failed to incorporate limitations into the RFC assessment to adequately reflect Plaintiff's impairments.

The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ did not incorporate any limitations in the RFC assessment based on Plaintiff's

complaints of tingling and numbness in her fingers. Plaintiff alleges that the RFC assessment should have included limitations on the ability to handle or finger, particularly given Plaintiff's testimony that his fingers did not move fast enough in performing his past work.

The record demonstrates that the ALJ noted that Plaintiff underwent an internal medicine consultative evaluation by Dr. G. C. Lindsey and reported a history of a back fracture and back pain. Tr. 19. The ALJ found that except for limited range of motion while bending to the side and rotation of the thoracic spine, Plaintiff's physical and neurological examinations were essentially normal. *Id*. The ALJ noted that x-rays from December 2005 indicated mild degenerative disc disease in the thoracic spine. *Id*. The ALJ noted that Plaintiff was encouraged to exercise three times a week for 30 minutes at a time in March 2007. *Id*.

Plaintiff argues that the ALJ only considered certain of the medical records. However, the ALJ's opinion indicates that he considered the medical evidence of record. Plaintiff argues that the ALJ "grossly misrepresented" the December 2005 x-rays. The record demonstrates that the impression was "[n]o significant change in few anterior wedge compression deformities involving mid-thoracic spine vertebral bodies, with very mild degenerative disk changes, presumably related to these." Tr. 432. The ALJ discussed Plaintiff's reports of pain and compared such reports with the medical evidence of record. Tr. 19, 21.

The record demonstrates that the ALJ in fact appropriately considered Plaintiff's reports of back pain and the medical evidence regarding Plaintiff's pain or back impairment. The record does not demonstrate that the ALJ picked and chose only the evidence which supported his position in evaluating Plaintiff's complaint of back pain, nor does the record demonstrate that the ALJ "grossly misrepresented" the medical evidence of record. *See Loza*, 219 F.3d at 393.

The ALJ did not find that Plaintiff's back impairment or back pain were "severe" within the meaning of the regulations. Under the Social Security Regulations, the severity of an impairment

or impairments is considered at the second step of the five-step sequential analysis. *See* 20 C.F.R. § 404.1520. A claimant must show that he or she has a severe medical impairment before the claimant can be determined disabled. 20 C.F.R. § 404.1520(a)(4)(ii). The regulations further provide that an impairment must significantly limit the person's ability to do basic work activities in order to be considered severe. 20 C.F.R. § 404.1520(c). Thus,

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Commissioner] will find that you do not have a severe impairment and are, therefore, not disabled.

*Id.*

The Supreme Court held that this "severity regulation" is valid on its face and "is not inconsistent with the statutory definition of disability." *Bowen v. Yuckert,* 482 U.S. 137, 146, 154, 107 S.Ct. 2287, 2293, 2298 (1987).

The Fifth Circuit has considered the severity regulation, both before and after the Supreme Court's decision in *Bowen v. Yuckert*. In *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the Court approved of an earlier construction of the severity regulation that set this standard for determining whether a claimant's impairment is severe:

> [A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

*Id.* at 1101 (quoting *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984). In *Loza* the Court held that the standard set forth in *Stone* remained the correct standard. 219 F.3d 378 at 392. However, the Commissioner may require a claimant to make a *de minimis* showing that her impairment is severe enough to interfere with her ability to do work under this standard. *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992). Thus, to meet the severity threshold in the Fifth Circuit, the claimant need only make a *de minimis* showing that his impairment is severe enough to interfere with his ability to do work.

The ALJ noted Plaintiff's complaints of pain and evaluated the degree to which such complaints of pain were consistent with the medical evidence of record. Tr. 19. The ALJ indicated that he had considered the element of pain in assessing Plaintiff's RFC. Tr. 22. The ALJ ultimately found that Plaintiff's symptoms have no substantial affect on his ability to work beyond the functional limitations incorporated into the RFC determination. *Id.* "How much pain is disabling is a question for the ALJ since the ALJ has primary responsibility for resolving conflicts in the evidence." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir.1991) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990)). Subjective evidence need not take precedence over objective evidence, and the factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024. The court finds that the ALJ's evaluation of Plaintiff's credibility and the credibility determination is supported by substantial evidence. The ALJ did not err in making his credibility determination. In addition, the ALJ's severity finding regarding Plaintiff's back impairment is also supported by substantial evidence and is consistent with the credibility determination and the evidence of record.

The court finds that the ALJ did not err in considering Plaintiff's back pain or back impairment.

If the ALJ determines that the claimant has a medically determinable mental impairment, he must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. 20 C.F.R. §§ 404.1520a and 416.920a. He is required to evaluate the degree of functional loss resulting from Plaintiff's mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). The ALJ must evaluate the claimant's limitations in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, the part "b" criteria. A five-point scale is used to rate the degree of limitation in the first three of those functional areas. 20

C.F.R. § 404.1520a (c)(1)-(4). These four separate areas are deemed essential for work. *Boyd*, 239 F. 3d at 705 (citing 20 C.F.R. § 404.1520a(b)(3)). The written decision of the ALJ must incorporate pertinent findings and conclusions based on the technique and must include a specific finding as to the degree of limitation in each of the functional areas described. 20 C.F.R. § 404.1520a(e)(2). The PRTF represents one way in which such findings may be documented. 20 C.F.R. § 404.1520a(e). After the ALJ rates the degree of functional limitation resulting from any mental impairment(s), the ALJ determines the severity of such impairment(s). 20 C.F.R. § 404.1520a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment "not severe" at step 2 of the sequential evaluation process. 20 C.F.R. § 404.1520a(c)(1). If the ALJ finds that the mental impairment is "severe" under 20 C.F.R. § 404.1520a(c)(1), the ALJ must then determine if it meets or equals a listed mental disorder under 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00-12.09; 20 C.F.R. § 404.1520a(c)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Boyd*, 239 F.3d at 705.

The ALJ indicated that he had evaluated the Plaintiff under Section 12.00 of the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. Tr. 19. The ALJ noted that Plaintiff had been treated for symptoms of a mental impairment but discontinued such treatment. *Id*. He noted that Plaintiff continued to drink alcohol. Tr. 19-20. He noted Plaintiff's Global Assessment of Functioning scores, his treatment with medication, and Plaintiff's examination by a psychological consultative examiner. Tr. 20. The ALJ noted Plaintiff's reports of symptoms and his history of drug abuse. *Id*. The ALJ extensively discussed Plaintiff testimony and the medical evidence in evaluating whether Plaintiff's mental impairment imposed limitations under the part "b" criteria. Tr. 20-21.

The ALJ ultimately found that Plaintiff experienced no limitations on his ability to perform work-related activity as a result of any mental impairments. In so finding, the ALJ appropriately

discussed the evidence of record, including evidence suggesting that Plaintiff's medication was alleviating his symptoms. Tr. 301. The ALJ did not accept the opinions of the state agency medical consultants ("SAMCs"), who indicated some limitations imposed by Plaintiff's mental impairments. However, as Defendant correctly notes, the ALJ cited to and discussed medical evidence which was not available to the SAMCs at the time that they rendered their opinions.

Pursuant to Social Security Ruling 96-6p (July 2, 1996) ("SR 96-6p"), the findings of fact made by SAMCs regarding the nature and severity of an individual's impairment "must be treated as expert opinion evidence of nonexamining sources" by the ALJ. The ALJ is "not bound by findings made by state agency or other program physicians and psychologists, but [he] may not ignore these opinions and must explain the weight given to the opinions in their decisions." However, the opinions of SAMCs "can be given weight only insofar as they are supported by evidence in the case record." Moreover, the ALJ is not bound by the findings of the SAMCs as to whether an individual's impairment is equivalent in severity to any impairment in the Listing of Impairments. In this case the ALJ indicated he had considered the opinions of the SAMCs with regard to whether Plaintiff's impairments met or equaled any section of the Listing of Impairments. Tr. 18. The ALJ's opinion extensively discussed Plaintiff's mental health treatment records and subjective complaints. The ALJ also appropriately discussed Plaintiff's subjective complaints, his use of alcohol, his drug-seeking behavior, and the consistency between the medical record and his testimony in making his credibility determination. The court finds that the ALJ did not err in evaluating Plaintiff's mental impairment, nor did he err by failing to adopt the opinions of the SAMCs regarding the limitations imposed by such impairment.

The ALJ indicated his conclusion that from the statements at the hearing, Plaintiff's testimony regarding on-going symptoms of cardiac disease were primarily based upon his own memory and are generally unsupported by the record. Tr. 21. The ALJ did find, however, that

Plaintiff's severe impairment included both a history of myocardial infarcation secondary to coronary artery disease and a history of cerebrovascular accident. Tr. 18. The ALJ did not accept Plaintiff's subjective complaint of chest pains two to three times a week, noting that such complaints in Plaintiff's testimony were not supported by the evidence of record. The ALJ's determination of a severe impairment as a result of Plaintiff's history of myocardial infaction and cerebrovascular accident is consistent with the evidence of record. The record does not indicate that these severe impairments imposed limitations beyond those incorporated into the RFC finding.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* The ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse*, 925 F.2d at 790. The ALJ appropriately considered and discussed the treating, examining, and other medical evidence regarding the limitations imposed by Plaintiff's impairments and in making the RFC determination. The RFC assessment is supported by substantial evidence in the record and is consistent with the ALJ's credibility finding.

The court finds that the ALJ did not err by failing to incorporate additional limitations into the RFC assessment based on Plaintiff's mental impairment, back pain, or history of cardiac problems. The court further finds that the ALJ did not err in evaluating Plaintiff's mental impairment, back pain, or history of cardiac problems or in determining the limitations imposed by such impairments.

Plaintiff argues that the ALJ erred by failing to incorporate additional limitations into the hypothetical question posed to the VE.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). As noted above, this court finds that the ALJ did not err in evaluating the limitations imposed by Plaintiff's impairments or in making the RFC determination, and such determination is consistent with the ALJ's credibility finding and is supported by substantial evidence in the record. Therefore, the ALJ was not required to incorporate additional limitations that he did not find to be supported by the record into the hypothetical questions posed to the VE.

Having found that the ALJ did not err in evaluating Plaintiff's impairments, in making the RFC determination, or in posing the hypothetical question to the VE, the court finds that the ALJ's opinion is supported by substantial evidence in the record.

## IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be

affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed December 16, 2008 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED.**

DATED this 23rd day of March, 2010.

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**